[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant asks the court to grant her motion to dismiss on the grounds that a pre-condition to summary process has not been met thereby allegedly depriving the court of subject matter jurisdiction. Specifically, the defendant claims the plaintiff has failed to provide for a grievance hearing to the defendant before initiating the action of summary process.
In accordance with Connecticut General Statutes47a-15, the plaintiff served on the defendant a CT Page 6091 pretermination letter dated February 16, 1993, advising defendant of certain violations in her lease, of her right to cure these violations by March 10, 1993, and of plaintiff's intention to terminate the lease if defendant failed to cure these violations.
On March 15, 1993, plaintiff served upon defendant a second pretermination letter advising defendant of her failure to pay rent due and plaintiff's intention of terminating her lease. Defendant made no response to either notice.
The above notices can be equated with a grievance procedure.
Defendant in effect asks the court to find that Connecticut's summary process statutes are unconstitutional with respect to tenants in state subsidized housing unless a pre-suit grievance procedure is available.
The right to due process does not require two hearings and as long as a full judicial hearing is conducted prior to the threatened deprivation the Federal Constitution has not been offended. Housing Authority v. McKenzie,36 Conn. Sup. 515 (1979). See also Plaintiff's Exhibit 17, letter from the U.S. Department of Housing and Urban Development to the Honorable William O'Neil, Governor, indicating that Connecticut's statutes on summary process do not mandate an administrative grievance procedure and are adequate to safeguard the tenant's rights as to due process. Owens v. Housing Authority, 394 F. Sup. 1267, is clearly distinguishable from the present situation.
The defendant's motion to dismiss is denied.
Austin, J. CT Page 6092